UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MS. JASON SOUTH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>　　　　Defendant. | Civil Action No.<br>20-9045 (RBK) (JS)<br><br><br>**OPINION** |

**ROBERT B. KUGLER, U.S.D.J.**

　　Plaintiff Jason South, also known as Anna (hereinafter referred to in the feminine at Plaintiff's request), a prisoner confined at FCI Fort Dix, in Fort Dix, New Jersey, is proceeding *pro se* with a civil rights complaint and a motion for a preliminary injunction. (ECF Nos. 1–3). For the reasons stated in this Opinion, the Court allow the Complaint to proceed in part and appoint counsel for Plaintiff.  The Court will also terminate Plaintiff's motion for a preliminary injunction but grant Plaintiff's counsel leave to renew the motion.

## I.　BACKGROUND

　　The Court will construe the factual allegations of the Complaint as true for the purpose of this Opinion.  Plaintiff names *only* the Federal Bureau of Prisons ("BOP") as a Defendant in this matter.

　　This case arises from issues related to the BOP housing Plaintiff, a transgender female, at FCI Fort Dix, an institution that houses male inmates.  Plaintiff transferred to FCI Fort Dix in December of 2019.  Plaintiff's allegations are vague at times, but she is presently at the prison's Special Housing Unit ("SHU"), "pending transfer due to not being able to go back . . . in population due to a rape and many sexual solicitations and harassments." (ECF No. 1, at 6).  Plaintiff has been the victim of rape at other male facilities, but it is unclear if she has been the victim of rape at FCI

Fort Dix. Plaintiff also alleges that some unspecified officers are taking improper nude pictures of her at the prison.

Plaintiff contends that the prison staff are not equipped or trained to treat gender dysphoria, and her other mental health issues. In terms of medical treatment, Plaintiff maintains that unspecified medical professionals are mismanaging her hormone treatment, have failed to provide her with sexually transmitted disease tests or prevention medication, and have delayed or denied facial reconstruction surgery (due to damage from a previous rape and assault).

As result of the above and her incarceration in male facilities, Plaintiff has suffered deteriorating mental health, including suicidal ideation. Plaintiff has attempted to commit suicide on a number of occasions, including in the past few months.

Despite these issues, the BOP provides Plaintiff with only two options, to remain in the SHU or to return to general population. The BOP has refused to transfer her to a female facility and apparently intends to transfer her to a different male facility.

On July 17, 2020, Plaintiff filed the instant Complaint and a motion for a preliminary injunction. Plaintiff seeks immediate transfer to a female facility that is capable of providing her with proper medical treatment. Plaintiff does not appear to seek any other relief.

## II. STANDARD OF REVIEW

### A. Standard for *Sua Sponte* Dismissal

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a

formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678. Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B.** *Bivens* **Actions**

Section 1983 of Title 42 created a remedy for monetary damages when a person acting under color of state law injures another, but "Congress did not create an analogous statute for federal officials. Indeed, in the 100 years leading up to *Bivens*, Congress did not provide a specific damages remedy for plaintiffs whose constitutional rights were violated by agents of the Federal Government." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017). The Supreme Court created an implied cause of action in *Bivens* when federal officers violated a person's Fourth Amendment rights. *Bivens*, 403 U.S. at 397. The Court extended the *Bivens* remedy twice more in: *Davis v.*

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (finding that the Rule 12(b)(6) standard applies to dismissal of complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim).

*Passman*, 442 U.S. 228 (1979) (holding administrative assistant fired by Congressman had a *Bivens* remedy for her Fifth Amendment gender discrimination claim), and *Carlson v. Green*, 446 U.S. 14 (1980) (holding that prisoner's estate had a *Bivens* remedy against federal jailers for failure to treat his asthma under the Eighth Amendment). "These three cases—*Bivens, Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar*, 137 S. Ct. at 1855.

As is relevant in the present case, the Supreme Court has also recognized an implied cause of action for failure to protect claims under the Eighth Amendment's deliberate indifference standard. *Bistrian v. Levi*, 912 F.3d 79, 90–91 (3d Cir. 2018).

In order to state a claim under *Bivens*, a plaintiff must allege: (1) a deprivation of a right secured by the Constitution or laws of the United States; and (2) that the deprivation of the right was caused by a person acting under color of federal law. *See Couden v. Duffy*, 446 F.3d 483, 491 (3d Cir. 2006).

### III. DISCUSSION

Plaintiff contends that the BOP, an agency of the United States, has violated a number of her constitutional rights. To be liable under *Bivens*, however, a defendant must be a "person." The Third Circuit has held in *Jaffee v. United States*, 592 F.2d 712, 717–18 (3d Cir. 1979), that sovereign immunity bars *Bivens* claims against the United States and its agents unless the United States explicitly waives its immunity, and accordingly, they are not "persons" amenable to suit under *Bivens*. *See, e.g.*, *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001); *Lewal v. Ali*, 289 F. App'x 515, 516 (3d Cir. 2008) ("An action against government officials in their official capacities constitutes an action against the United States; and *Bivens* claims against the United States are barred by sovereign immunity, absent an explicit waiver.").

Here, the BOP, as an agency of the United States, is immune from suit under *Bivens* because it has not explicitly waived sovereign immunity. *See e.g.*, *Webb v. Desan*, 250 F. App'x 468, 471 (3d Cir. 2007); *Kornhauser v. Ortiz*, No. 18-11373, 2020 WL 1502928, at *2 (D.N.J. Mar. 30, 2020)*; *Cracolici v. Bureau of Prisons*, Civ. No. 10–2482, 2010 WL 3087132, at *1 (D.N.J. Aug.3, 2010). Accordingly, the Court will dismiss with prejudice Plaintiff's *Bivens* claims against the BOP.

To the extent Plaintiff seeks to bring a claim under Title VII of the Civil Rights Act of 1964, which prohibits, among other things, *employment* discrimination based on sex, the Complaint appears devoid of any employment related issues. In any event, as an inmate, Plaintiff is not an "employee" within the meaning of that statute. *See e.g.*, *Wilkerson v. Samuels*, 524 F. App'x 776, 779 (3d Cir. 2013) (per curiam). Consequently, the Court will dismiss with prejudice Plaintiff's Title VII claim.

Next, the Court has reviewed Plaintiff's claims under the Rehabilitation Act of 1973 and finds that they are sufficient, for the purposes of screening, to proceed at this time. *See Iglesias v. True*, 403 F. Supp. 3d 680, 687 (S.D. Ill. 2019) (allowing gender dysphoria claims under the Rehabilitation Act to proceed past screening).

Finally, it appears that sovereign immunity bars Plaintiff's Affordable Care Act claims, but in an abundance of caution, and due to the scarcity of case law on the subject in our Circuit, the Court will allow these claims to proceed at this time. *See Lewis v. Ives*, No. 18-184, 2020 WL 2761024, at *10 (D. Or. Feb. 12, 2020), *report and recommendation adopted*, 2020 WL 2747397 (May 27, 2020).

Additionally, the Court has considered the *Tabron* factors, the seriousness of Plaintiff's allegations, and the potential threat of imminent harm, and finds that it is in the interest of justice

to appoint counsel for Plaintiff.  *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).  The Court will direct counsel to review the case with Plaintiff and submit an amended complaint.

As for Plaintiff's preliminary injunction motion that seeks transfer to a female facility, the Court will terminate that motion, but grant Plaintiff leave to file a counseled motion, if counsel deems it appropriate, after filing her amended complaint.

## IV. CONCLUSION

For the reasons set forth above, the Court will dismiss with prejudice Plaintiff's claims under *Bivens* and Title VII.  Plaintiff's Rehabilitation Act and Affordable Care Act claims may proceed.  The Court will appoint counsel for Plaintiff and terminate, without prejudice, Plaintiff's preliminary injunction motion.  Counsel shall file an amended complaint and if appropriate, counsel may file a new motion for a preliminary injunction.  An appropriate Order follows.


Dated:  August 1, 2020                                          s/Robert B. Kugler
                                                                ROBERT B. KUGLER
                                                                United States District Judge