[Doc. No. 17, 22]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MS. JASON SOUTH,<br><br>    Plaintiff,<br><br> v.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>    Defendants. | Civil No. 20-09045 (RBK)(MJS) |

**O P I N I O N  &  O R D E R**

  Plaintiff Jason South ("plaintiff"), a transgender inmate presently confined at FCI Sheridan, a correctional institution with the Federal Bureau of Prisons ("BOP"), filed a hand-written pro se complaint and motion for a preliminary injunction on July 17, 2020 alleging civil rights violations against the BOP and seeking transfer to a female facility. Upon screening plaintiff's complaint under 28 U.S.C. § 1915, Judge Kugler issued an Order on August 6, 2020 dismissing with prejudice plaintiff's Bivens claims against the BOP but permitting claims brought under the Rehabilitation Act and Affordable Care Act to proceed. Doc. Nos. 4, 5; South v. Fed. Bureau of Prisons, No. CV209045, 2020 WL 4530050 (D.N.J. Aug. 6, 2020). The Order further directed the appointment of pro bono counsel and the filing of an amended complaint within (20) days of appointment. Doc. No. 5. On August

1

11, 2020, plaintiff filed a motion to amend the complaint. Doc. No. 6. On October 5, 2020, plaintiff filed a motion to transfer this case to the Eastern District of Michigan. Doc. No. 10. Pro bono counsel was then appointed on October 28, 2020. Doc. No. 11. Shortly thereafter, on November 2, 2020, the Court issued an Order [Doc. No. 14] denying plaintiff's motion to amend [Doc. No. 6] to permit counsel to evaluate the case and determine if amendment was appropriate. Plaintiff subsequently filed a motion to withdraw the motion to transfer on November 10, 2020 [Doc. No. 15], which the Court granted on January 20, 2021 [Doc. No. 16].

On March 9, 2021, plaintiff brought the present motion seeking leave to amend the complaint to name Carl Sceusa[1] ("defendant Sceusa") and allege a novel claim against him, remove certain claims against BOP, and add factual averments. Specifically, the Proposed Amended Complaint asserts claims against defendant Sceusa for cruel and unusual punishment under the Eighth Amendment and discrimination under the Affordable Care Act ("ACA"), as well as a claim against BOP for violation of the Rehabilitation Act of 1973 ("RA").[2] Doc. No. 17 (the "Motion"). The Motion is unopposed.

---

[1] Plaintiff proposes to allege that Carl Sceusa is a medical doctor employed by or at FCI Fort Dix.

[2] Plaintiff's Proposed Amended Complaint makes two references to 42 U.S.C. § 1983. See Proposed Amended Compl. ¶¶ 1, 5. There being no causes of action expressly asserted under § 1983 in Counts One, Two, or Three, no state actors named, and no mention of § 1983 in

2

The Court exercises its discretion to decide plaintiff's Motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, plaintiff's Motion is **GRANTED**.

**Factual Background**

The Court draws the following facts from plaintiff's proposed amended complaint and takes them as true for the purposes of the Motion. Plaintiff is a transgender inmate, male to female, who has been in federal custody for fifteen years and housed in ten male correctional facilities. Proposed Amended Compl. ¶ 11. Plaintiff suffers from numerous afflictions, including but not limited to borderline personality disorder, bipolar disorder, panic disorder, depression, anxiety, and post-traumatic stress disorder and has a history of self-injury, suicidal ideation, and suicide attempt. Id. at ¶ 12. In May 2019, while housed at FCI Danbury in Danbury, Connecticut, BOP Psychology Services diagnosed plaintiff with gender dysphoria. Id. at ¶ 14. For inmates diagnosed with gender dysphoria, BOP prescribes gender-affirming hormone therapy. Id. at ¶ 15. In or around November 2019, plaintiff was prescribed and began consuming 6 milligrams ("mg") of Estradiol, an estrogen hormone treatment. Id. at ¶ 20. Plaintiff alleges that in or around December 2019, plaintiff was transferred from FCI Danbury to FCI Fort Dix following a sexual and physical assault against plaintiff

---

counsel's briefing, the Court does not construe these references as plaintiff's intent to pursue a claim under that statute.

3

by inmates at FCI Danbury. Id. at ¶ 21. While confined at Fort Dix, plaintiff continued receiving 6 mg of Estradiol. Id. at ¶ 23. Plaintiff alleges that in or around March 2020, plaintiff was sexually harassed by two inmates at Fort Dix. Id. at ¶ 24. Plaintiff then requested transfer to a female facility. Id.

On April 23, 2020, defendant Sceusa discontinued plaintiff's standing order for 6 mg daily of Estradiol and submitted a new medical order reducing plaintiff's Estradiol treatment from 6 mg to 2 mg daily. Id. at ¶ 25. On May 18, 2020, plaintiff received a Suicide Risk Assessment after being removed from her unit following a disagreement with another inmate. Id. at ¶ 26. While being assessed by Psychology Services for potential suicidal ideation, plaintiff was informed that incident reports would be filed against her and that she was being transferred to the Special Housing Unit. Id. This allegedly exacerbated plaintiff's distress, and she responded by attempting to stab herself in the leg with a mechanical pencil. Id. Plaintiff was then placed on suicide watch immediately thereafter at which time she threatened to hang herself, expressed a desire to have her male genitals cut off, banged her head on the wall causing it to bleed, tied a blanket around her neck and cut her wrist using a damaged mesh wall in the suicide watch cell. Id. at ¶ 27. Plaintiff then informally complained to Psychology services that she believed her missed hormone treatments contributed to her negative behavior. Id. at ¶

4

28. The next day, on May 19, 2020, defendant Sceusa increased plaintiff's Estradiol prescription from 2 mg back to 6 mg. Id. at ¶ 29. Plaintiff attempted suicide again on May 20, 2020. Id. at ¶ 30.

On May 22, 2020, BOP's National Inmate Appeals Administrator issued an Administrative Remedy Response ("Response") addressing plaintiff's sexual harassment complaint and concern with defendant Sceusa having decreased the dose of Estradiol. Id. at ¶ 31. The Response notified plaintiff that the Transgender Executive Council denied the request for transfer to a female facility because plaintiff's placement in a male facility was appropriate based on factors set forth in the BOP's Transgender Offender Manual. Id. In addition, the Response stated that plaintiff's most recent laboratory results indicated her hormone levels had not been maximized or stabilized. Id. As such, the Response stated the medications were adjusted and hormone levels would continue to be monitored by Health Services staff at the institution. Id. Plaintiff was seen again by defendant Sceusa on June 8, 2020 and alleges that in addition to referring to plaintiff in the male pronoun against her wishes, defendant Sceusa denied plaintiff's request for a prophylactic medication to prevent sexually transmitted disease. Id. at ¶ 33.

In sum, plaintiff proposes to allege that the BOP and defendant Sceusa's intentional actions caused plaintiff severe physical, mental, and emotional anguish resulting in self-harm, delayed plaintiff's male to female transition, and negatively impacted plaintiff's ability to transfer to a female correctional facility. Id. at ¶ 1.

**Discussion**

Motions to amend are governed by FED. R. CIV. P. 15. See Mullin v. Balicki, 875 F.3d 140, 149 (3d Cir. 2017). Rule 15(a) permits a party to amend a pleading once as a matter of course within twenty-one (21) days after serving the pleading or twenty-one (21) days after a responsive pleading or service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. Pro. 15 (a)(1)(A)-(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). As no service has yet been made on any defendant in this action, plaintiff may only amend the complaint with leave of the Court.

Pursuant to Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." Id. In determining if leave to amend might be reasonably denied, courts are guided by the factors outlined in Foman v. Davis, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). These factors, while not exhaustive, permit denial

of leave to amend based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Id. at 182. While the grant or denial of an opportunity to amend remains within the Court's discretion, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." Forman, 371 U.S. at 182; see also Mullin, 875 F.3d at 150.

Based on the record before it, the Court finds plaintiff has sought amendment without undue delay, bad faith, or dilatory motive, and in a manner consistent with Judge Kugler's Opinion and Order. Doc. Nos. 4, 5. Additionally, no party will be prejudiced within the meaning of Rule 15 by granting plaintiff's motion. The Court will therefore proceed to consider whether plaintiff's proposed amendments are futile.

In assessing futility, the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). Travelers Indemnity Co. v. Dammann & Co., Inc., 594 F.3d 238, 243 (3d Cir. 2010) (citation omitted). Accordingly, the Court must accept as true all well-pleaded factual allegations raised in plaintiff's proposed complaint, and must determine whether the

facts as alleged raise a facially plausible claim on the grounds asserted. Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). A complaint need not provide detailed factual allegations, but must provide facts sufficient to show a plausible cause of action. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "If a proposed amendment is not clearly futile, then denial of leave to amend is improper." Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J. 1990).

Before addressing plaintiff's proposed claims individually, as an initial matter, the Court cannot find that the statute of limitations would operate as a bar here where the alleged violative conduct occurred in 2020. See Bethel v. Jendoco Const. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) ("If the [statute of limitations] bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6).") (citation omitted).

### a. Bivens Action

First, plaintiff proposes to name defendant Sceusa in his individual and official capacities and assert a claim against him for cruel and unusual punishment under the Eighth Amendment. Proposed Amended Compl. ¶¶ 41-45. There is no statutory basis to bring a damages action against federal employees for violation of the Constitution. Ziglar v. Abassi, 137 S. Ct. 1843 (2017).

8

However, The Supreme Court created an implied cause of action in Bivens when federal officers violated a person's Fourth Amendment rights. Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). The Court extended the Bivens remedy twice more in: Davis v. Passman, 442 U.S. 228 (1979) (holding administrative assistant fired by Congressman had a Bivens remedy for her Fifth Amendment gender discrimination claim), and Carlson v. Green, 446 U.S. 14 (1980) (holding that prisoner's estate had a Bivens remedy against federal jailers for failure to treat his asthma under the Eighth Amendment). As is relevant in the present case, the Supreme Court has also specifically recognized an implied cause of action for failure to protect claims under the Eighth Amendment's deliberate indifference standard. Bistrian v. Levi, 912 F.3d 79, 90-91 (3d Cir. 2018).

    **i.**   **Official Capacity Claim**

An action against government officials in their official capacities constitutes an action against the United States, and Bivens claims against the United States are barred by sovereign immunity, absent an explicit waiver. Lewal v. Ali, 289 F. App'x 515, 516 (3d Cir. 2008) (noting Bivens action can be maintained against a defendant in his or her individual capacity only)); see also Scott v. Doe, No. CV 18-17045, 2020 WL 1041354, at *3 (D.N.J. Mar. 4, 2020) (dismissing plaintiff's Eighth Amendment claim for

indifference to serious medical need against FCI Fort Dix doctor in his official capacity based on sovereign immunity). Insofar as the Proposed Amended Complaint asserts a Bivens claim against defendant Sceusa in his official capacity, this would be futile. However, the Proposed Amended Complaint as drafted does not explicitly make such allegation and the Court will not construe it as such for the purpose of this Motion.

### ii. Individual Capacity Claim

The Eighth Amendment proscription against cruel and unusual punishment requires that inmates are provided with adequate medical care. Coley v. Sulayman, No. CIVA 06-3762NLH, 2007 WL 2306726, at *2 (D.N.J. Aug. 7, 2007), aff'd sub nom. Coley v. Iwaugwu, 303 F. App'x 109 (3d Cir. 2008). To establish a violation of plaintiff's Eighth Amendment right to adequate medical care, plaintiff must allege facts that show (1) a serious medical need, and (2) acts or omissions by prison officials that indicated deliberate indifference to that need. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976); Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir.2003). Additionally, in order to bring a Bivens action against federal officials, a prisoner must exhaust available remedies before filing suit. Ahmed v. Dragovich, 297 F.3d 201, 209 n. 9 (3d Cir. 2002). Here, the Proposed Amended Complaint alleges facts that (1) defendant Sceusa was a federal agent acting under color of federal law [Proposed Amended Compl.

10

¶ 3]; (2) plaintiff's gender dysphoria constitutes a serious medical need [Id. at ¶ 42]; (3) defendant Sceusas's management of plaintiff's hormone treatment demonstrates indifference to that need [Id. at ¶¶ 43-45]; and, (4) available administrative remedies were exhausted [Id. at ¶ 31]. Construing the complaint liberally and giving plaintiff the benefit of all reasonable inferences, the proposed claim against defendant Sceusa alleging failure to protect in violation of the Eighth Amendment is not "clearly futile" under Rule 15. Harrison Beverage Co., 133 F.R.D. at 468.

### b. Affordable Care Act Claim

Next, plaintiff proposes to assert a claim against defendant Sceusa for discrimination under the ACA. Proposed Amended Compl. ¶¶ 46-50. Consistent with Judge Kugler's August 6, 2020 decision, the Court will permit amendment of plaintiff's ACA claim at this early stage in keeping with the liberal standard under Rule 15. See Doc. Nos. 4, 5; South, 2020 WL 4530050, at *3 (allowing plaintiff's ACA claims to proceed out of an abundance of caution, and due to the scarcity of case law on the subject in the Third Circuit) (citing Lewis v. Ives, No. 18-184, 2020 WL 2761024, at *10 (D. Or. Feb. 12, 2020), report and recommendation adopted, 2020 WL 2747397 (May 27, 2020).

### c. Rehabilitation Act Claim

Finally, plaintiff proposes to assert a claim against the BOP for violation of the RA. Proposed Amended Compl. ¶¶ 51-53. In

11

consideration of Judge Kugler's August 6, 2020 decision allowing plaintiff's RA claim against the BOP to proceed and directing the filing of a counseled amended complaint to that end, the Court will permit amendment of plaintiff's RA claim.

**Conclusion**

For the reasons stated above, **IT IS HEREBY ORDERED** this **12th** day of **October, 2021** that plaintiff's Motion seeking leave to file an amended complaint [Doc. No. 17] is **GRANTED**; and it is further

**ORDERED** that plaintiff shall file the amended complaint by **October 26, 2021**; and it is further

**ORDERED** that plaintiff's request for relief from the redline requirement of L. Civ. R. 15.1(a)(2) is **GRANTED** in the interests of justice and judicial economy.

s/ Matthew J. Skahill
MATTHEW J. SKAHILL
United States Magistrate Judge

At: Camden, New Jersey